OPINION. Van Fossan, Judge: The question here presented is whether or not deductions of $212.05 and $1,090.52 for declared value excess profits taxes paid in the years 1937 and 1939, respectively, should be excluded as abnormal deductions in computing the petitioner’s base period income for the purpose of determining its excess profits credit under the provisions of section 711 (b) (1) (J).[1] The petitioner contends that the deductions were in excess of 125 per cent of the deductions of the same class for the four previous taxable years and that they constituted a “class” separate from the other laxAs, such as capital stock, property, franchise, pay roll, and miscellaneous taxes, and were abnormal in character. It further asserts that the abnormality was not in consequence of an increase in its gross income in its base period or of a decrease in the amount of soma other deduction in the base period or of a change at any time in the type, manner of operation, or condition of its business. The respondent bases his action on the ground that the disallowance of the contested eliminations is prohibited by the provision of subsections (b) (1) (K) (ii) and (b) (1) (K) (iii).[2] The method of computing excess profits credit is established by section 713 and need not be set forth here. The point at issue is the proper adjustment to normal tax net income as provided in section 711. The petitioner claims that subsection (b) (1) (J) provides the adjustments sought by it. The respondent contends (1) that a deduction for declared value excess profits tax does not, in and of itself, constitute a separate class of deduction for taxes (subsection (b) (1) (J) (ii), and (2) that the deductions for declared value excess profits taxes in 1937 and 1939 were the consequence of the decrease of another deduction (capital stock tax) in the base period (subsection (b) (1) (K) (ii)). The respondent further argues that the petitioner has not sustained the burden of proving that the declared value excess profits tax deductions were not in consequence of an increase in gross income in the petitioner’s base period. We give our attention to this proposition first. In William, Leveen Corporation, 3 T. C. 593, we have discussed both the difficulty and the necessity of the petitioner’s establishing this negative fact. See Consolidated Motor Lines, Inc., 6 T. C. 1066. In the case at bar the facts establish a steady increase in gross income. The petitioner has not demonstrated the required lack of relationship between this increase in gross income and the tax in controversy (subsection (b) (1) (K) (ii)). It has attempted to substitute argument for fact. Proof of fact is required by the statute. The proof being deficient and petitioner’s argument being unconvincing, the respondent must be sustained. The above holding is dispositive of the case and makes unnecessary the consideration of the other arguments advanced by either parly. Decision will be entered for the respondent. SEC. 711. EXCESS PROFITS NET INCOME. [[Image here]] (b) Taxable Tears in Base Period.— (I) General role and adjustments. — The excess profits net Income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined In section 13 (a) of such Act; and for any other taxable year beginning after December 81, 1937, and before January 1, 1940, shall be the special-class net Income, as defined In section 14 (a) of the applicable revenue law. In either case the following adjustments shall be made (for additional adjustments in case of certain reorganizations, see section 742 (e)) : [[Image here]] (J) Abnormal Deductions. — Under regulations prescribed by the Commissioner, with the approval of the Secretary, for the determination, for the purposes of this subpara-graph, of the classification of deductions— (I) Deductions of any class shall not be allowed if deductions of such class were abnormal for tbe taxpayer, and (II) If the class of deductions was normal for the taxpayer, but the deductions of such class were In excess of 125 per centum of the average amount of deductions of such class for the four previous taxable years, they shall be disallowed in an amount equal to such excess. • • * (K) Rules toe Application op Subpabaoraphs (H), (1), and (J). — For the purposes of subparagraphs (H), and (J)— [[Image here]] (ii) Deductions shall not be disaUowed under such subparagraphs unless the taxpayer establishes that the abnormality or excess is not a consequence of an increase in the gross income of the taxpayer in its base period or a decrease in the amount of some other deduction in its base period, and is not a consequence of a change at any time in the type, manner of operation, size, or condition of the business engaged in by the taxpayer. (iii) The amount of deductions of any class to be disallowed under such subparagraphs with respect to any taxable year shall not exceed the amount by which the deductions of such class for such taxable year exceed the deductions of such class for the taxable year for which the tax under this subchapter is being computed.